# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0071-003-CVE |
| ) | |
| STANJULFRAN GEOVESTER MENSAH, ) | |
| a/k/a "Geo," ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss for Failure to State an Offense (Dkt. # 94). Defendant asks the Court to dismiss counts three through seven, nine through ten, and twelve through sixteen of the superseding indictment (Dkt. # 72), because the superseding indictment fails to give him fair notice of the charges against him. The government responds that each count of the superseding indictment states an offense against defendant, and that his motion to dismiss should be denied.

On March 8, 2012, Daniel Jefferson, Godlive Johnathan Tetty-Mensah, Bismark Baah, and defendant were charged by complaint with one count of using a counterfeit access device in violation of 18 U.S.C. § 1029. Dkt. # 1. The grand jury subsequently returned a nine count indictment (Dkt. # 20) alleging that defendants conspired to steal names and credit card numbers and used the stolen information to manufacture fraudulent credit and debit cards. Baah and Tetty-Mensah pled guilty to certain charges pursuant to plea agreements with the government. See Dkt. ## 43, 55.

On May 9, 2012, the grand jury returned a seventeen count superseding indictment against Jefferson, defendant, Dakota Dustan Craddock, and Herbert Orin Johns, Jr.[1] Specifically, defendants were charged with conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 (count one), use of a counterfeit access device in violation of § 1029(a)(1) (counts two through eight), effecting a fraudulent transaction using an access device issued to another person in violation of § 1029(a)(5) (count nine), possessing device making equipment with intent to defraud in violation of § 1029(a)(4) (count ten), and aggravated identity theft in violation of 18 U.S.C. § 1028A (counts eleven through seventeen). The government alleges that defendants purchased a credit card reader and a credit card reader/writer encoding device, and they used these devices to steal names and credit card numbers. Dkt. # 72, at 2. Jefferson and defendant gathered invalid debit, credit, and gift cards, and defendants allegedly manufactured fraudulent credit and debit cards using the invalid cards and the stolen information. Id. at 3. The government states that defendants used the fraudulent credit and debit cards to purchase items throughout Oklahoma, Kansas, Illinois, Indiana, Missouri, Ohio, and Tennessee, and the government alleges that defendants used a total of 274 cards to incur charges of $51,988.15. Id. at 5. The superseding indictment alleges 18 overt acts committed in furtherance of the conspiracy, and each of the overt acts is either a theft of information from another's card to manufacture a debit or credit card, or a fraudulent purchase made using one of manufactured debit or credit cards. Id. at 6-10. Counts two through eight and counts eleven through seventeen of the superseding indictment are substantive charges for the overt acts alleged as part of the conspiracy charge, and the overt acts forming the basis of each of counts two through

---

[1] Tetty-Mensah and Baah were not charged in the superseding indictment.

eight and eleven through seventeen are described in greater detail in count one.[2] The overt acts were committed by different defendants, but all defendants are charged in counts two through eight and eleven through seventeen.

An indictment may be dismissed under Fed. R. Crim. P. 12(b) if the facts alleged in the indictment fail "to invoke the court's jurisdiction or state an offense." When reviewing a motion under Rule 12(b), a court must make all factual inferences in favor of the government and assume that the government could prove all of the facts alleged in the indictment at trial. United States v. Jeronimo-Bautista, 425 F.3d 1266, 1267 (10th Cir. 2005). An indictment is sufficient if it:

> (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense.

United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). "'[I]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008) (quoting United States v. Hathaway, 318 F.3 1001, 1009 (10th Cir. 2003)). The purpose of a motion to dismiss under Rule 12 is not to challenge the strength or weakness of the government's case, but merely to determine whether the indictment states an offense. United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006).

---

[2] The Court has compared the overt acts alleged in count one of the superseding indictment to the specific transactions giving rise to counts two through eight and eleven through seventeen, and each of the specific transactions is listed as an overt act committed in furtherance of the alleged conspiracy. Count one provides the date of each overt act and identifies the defendant involved, and the specific conduct is described in some detail.

Defendant argues that the fraudulent acts alleged in counts two through eight and eleven through seventeen were committed by different defendants, and the government has not alleged facts suggesting that he participated in each act. Dkt. # 94, at 2. He argues that it is contradictory for the government to allege that a particular defendant committed an act yet accuse all four defendants of a crime related to each fraudulent act. Id. However, defendant is accused of being a member of a conspiracy and "conspirators are responsible for crimes committed 'within the scope of the unlawful project' and thus 'reasonably foreseen as a necessary or natural consequence of the unlawful agreement.'" United States v. Russell, 963 F.2d 1320, 1322 (10th Cir. 1992) (quoting Pinkerton v. United States, 328 U.S. 640, 647-48 (1946)). Thus, even if defendant did not participate in each act, it is possible that he could be held criminally responsible for a fraudulent act if it was made in furtherance of the alleged conspiracy.[3] The government has identified a theory under which defendant could be convicted and defendant has not shown that counts two through eight and eleven through seventeen of the superseding indictment fail to state an offense against him.

Defendant also argues that counts nine and ten of the superseding indictment fail to state an offense, because these counts simply recite the statutory language and no specific facts are alleged.

---

[3] The Pinkerton principle is incorporated into the Tenth Circuit Pattern Jury Instructions, which provide:

> If you find the defendant guilty of the conspiracy charged in count _____ and you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy another coconspirator committed the offense in count _____, and the offense in count _____ was committed to achieve an objective or was a foreseeable consequence of that conspiracy, then you may find the defendant guilty of count _____, even though the defendant may not have participated in any of the acts which constitute the offense[s] described in count _____.

Tenth Circuit Pattern Jury Instruction 2.21.

4

Defendant suggests that the Court should invoke the standard for pleadings in civil cases as described in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). However, defendant cites no authority to support the proposition that Twombly and Iqbal apply in criminal cases, and the Court will not impose any additional burden on the government to state an offense under Twombly's plausibility standard. Instead, as the Court has already noted, the government must simply provide defendant fair notice of the charges against him and this is often accomplished by using the statutory language. The Court has reviewed the superseding indictment and finds that both counts nine and ten state an offense against defendant. Count nine states the essential elements of an offense under § 1029(a)(5) and identifies the time period during which the alleged offense occurred. The specific acts giving rise to offense are clearly outlined in the conspiracy charge and defendant has more than fair notice of the specific conduct on which the government will rely as the basis for count nine. Count ten alleges the essential elements of an offense under § 1029(a)(4) and provides a time frame for the alleged offense. In addition, the government identifies the specific device-making equipment allegedly possessed by defendant, and defendant is on notice of the alleged conduct forming the basis for count ten. The indictment gives defendant notice of all charges alleged against him and his motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State an Offense (Dkt. # 94) is **denied**.

**DATED** this 27th day of June, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE